Mr. Justice DAYIS
 

 delivered the opinion of the court, and after stating the ease pi’oeccded thus:
 

 It is not necessary to consider the terms of the compromise as a basis of recovery; for it is very clear that a municipal corporation like the board of police could not modify or alter the stock subscription voted by the people, in the absence of power from the legislature, and as there is no pretence that this was conferred, it follows that the agreement made with the railroad company was without authority of law, and void. But the company did not rest their right to recover on
 
 this agreement,
 
 and the court expressly charged the jury that no effect could be given to it.
 

 There is, however, aside from this agreement or compromise, a substantial ground — relied on by the court below,
 
 *602
 
 and sustained by tbe evidence — on which the judgment in this case can be supported. If the County of Pontotoc, according to the requirements of the law, voted a subscription to the stock of the railroad; the board of police levied a tax to pay for it; the tax was collected; and the president of the board instructed Bell, who was the sheriff, and had the money, to pay it to the agent of the company, who also demanded payment, then the liability of Bell is fixed, .and he cannot be allowed to interpose collateral matters by way of defence. The money in the hands of Bell vested in the railroad corporation so soon as the president of the board of police drew the order, and, on presentation,
 
 he
 
 was obliged to pay.
 
 I~Iis
 
 duty was obedience. It was no part of his business to sit in judgment on the proceedings of the board of jiolice, nor was he at liberty to constitute himself an arbiter to settle the differences that had arisen, or might arise, between the county, the tax-payers, and the company, growing out of the vote to subscribe stock, and the refusal to make the subscription.
 

 So far as Bell was concerned, the board of police had the exclusive power over this subject; and if in the exercise of that power the president of the board directed him to pay the money to the Mobile and Ohio Railroad, he could not question the authority nor review the decision. And the omission to give the bond, as by law required, cannot affect his liability, although it may lessen the security of the company.
 

 There is great confusion in the record in relation to the disposition of the demurrers and pleas iu abatement; but, as Bell filed a plea to the merits, and the parties went to trial, all antecedent irregularities were waived.
 

 There is no error in the record, and the judgment below is
 

 AFFIRMED with costs.