## A. J. ANGELL V. JACK MARTIN.

DORMANT JUDGMENT, *Revivor of.* A dormant judgment cannot be revived without the consent of the defendant, unless such revivor is applied for within one year after the same has become dormant.

*Error from Atchison District Court.*

MAY 11, 1880, the district court affirmed an order made by a justice of the peace, reviving a certain judgment rendered in favor of *Martin* and against *Angell,* on the 2d day of July, 1860. *Angell* brings this ruling here for review. The facts appear in the opinion.

*William Dill,* for plaintiff in error.

*Mills & Wells,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 28th day of June, 1860, Jack Martin filed his bill of particulars before William Jackson, justice of the peace in Shannon township, Atchison county, the bill of particulars being a promissory note, executed to him by A. J. Angell, for $100, and asking judgment thereon for $99.90, remitting the remainder. On the same day summons was issued, and on the next day, June 29, 1860, summons was returned served on Angell, and on the 2d day of July, 1860, judgment was rendered by the justice of the peace upon the note. On July 12, 1860, an execution was issued, and returned August 12, 1860, unsatisfied. On the 31st day of October, 1879, Martin filed his motion to revive said judgment before A. J. Keithline, justice of the peace, and successor in office to William Jackson, being the same court in which judgment was rendered. Notice was duly given to Angell, and on the 10th day of December, 1879, the adjourned day for the hearing of the motion, the judgment was revived by order of said justice of the peace, and upon petition in error to the district court the decision of

the justice of the peace was affirmed, May 11, 1880. This ruling is brought to this court for review.

We shall notice but one question in this case, and that, the question of time. It will be perceived that this motion to revive was not made until more than nineteen years had passed after the return of the only execution issued on the judgment. Now, if this motion can be sustained, there is no limit in point of time to revivors of judgments. Fifteen years is the longest period named in any statute of limitations in this state, and that applies only in actions concerning real estate. Yet here, a judgment dormant for over fourteen years, and upon which no execution has been issued for over nineteen years, is sought to be revived and enforced. We shall not stop to consider the question raised by counsel as to whether there is any such thing as the revivor of a judgment of a justice of the peace, though the language of the statute certainly suggests the question. (Code, § 445; Justices' Act, § 137.)

Conceding that such a judgment may be revived, we turn to the code for the rules and practice concerning revivors. Section 440 of the code provides that "if a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment." Now an action before judgment cannot be revived without the consent of the defendant or proposed defendant, unless in one year from the time the order could have been made. (Code, §§ 433, 434.) In *Scroggs v. Tutt*, 23 Kas. 181, we construed this language in the case of a revivor after judgment against an administrator, and held that time was part of the manner. Mr. Justice VALENTINE, speaking for the court, said: "The proceeding to revive an action and the proceeding to revive a judgment are substantially the same; each must correspond to the same formula. Hence, where an action cannot be revived without the consent of the administrator, neither can a judgment." And again: "We think that a judgment cannot be revived against an administrator after a year has elapsed within which it could be revived, except with the

consent of the administrator, and that the rule is a reasonable one." The same language is applicable here. The statute reads the same. The construction should be alike. While the reasons for the rule may not be of equal force, yet the power of the legislature is the same and the language identical. If in the one case it means what it says, and as we have read its meaning, it means the same in the other. Nor is there anything harsh or unreasonable in the rule as thus laid down by the legislature. A party may, by the issue of executions every five years, keep a judgment alive indefinitely. It remains in force without execution for five years, and the plaintiff may revive it at any time within one year thereafter, so that practically a plaintiff may neglect his judgment for six years, lacking a day, and then revive and put it in force for five years more. And if a party neglects his judgment for six years, he has little cause of complaint if the law says to him, you have slept upon your rights too long, and public policy requires that claims so old should be considered barred. If he had commenced an action upon this judgment, the statute of limitations would have barred it long ago. (*Burnes v. Simpson*, 9 Kas. 658.) Every other right which a party has would have been cut off years since. And the general policy of the law in reference to state demands lends countenance to the construction put upon these provisions. There is this limitation, or there is none. The language of the statute fairly implies this limitation. The same language in the other section was held to create this limitation, and we think it has the same force here.

The judgment will be reversed, and the case remanded to the district court with instructions to sustain the petition in error filed therein, and reverse the ruling of the justice of the peace reviving the judgment.

All the Justices concurring.