FRANK MAWHINNEY *et al* v. ABNER H. DOANE *et al.*

1. JUDGMENT — *Revival — Death of Party — Delay.* Under the Kansas statute providing that an order to revive an action on the death of either party cannot be made after the expiration of one year, without the consent of the opposite party, when the petition in an action on a judgment shows that the judgment creditor has been dead more than three years, and does not allege that the judgment was ever revived, and plaintiff demurs to the defense that it was never revived, the judgment will be held to be dormant, and it is immaterial that plaintiffs, the children of the judgment creditor, are minors, where their petition recites the appointment of an administrator for her estate of which the judgment was a part.

2. ———— *Action on Judgment.* An action to recover the amount of a judgment, with interest, in which a summons is issued and served as on a money demand, is an action on the judgment, and not to revive it.

### Motion for Rehearing.

THE facts sufficiently appear in *Mawhinney v. Doane*, supra, and in the opinion on the motion for a rehearing, filed at the session of the court in February, 1889.

*W. A. S. Bird*, for plaintiffs in error.

*Waters & Chase*, and *E. F. Hilton*, for defendants in error.

*Per Curiam:* An opinion was filed in this case at the February sitting, 1888; subsequently a motion for a rehearing was presented; therefore the questions involved have been again discussed and considered. The plaintiff in error Frank Mawhinney, sues in his own right and as statutory guardian of Nettie M. Bragunier and Nina F. Bragunier. He declares on a judgment that was rendered against the defendants in error Doane and Rice, and one Jeremiah Bragunier, in the district court of Shawnee county, on the 30th day of January, 1879. An execution was issued on this judgment on the 3d day of September, 1879, returned with a credit thereon of $502. Another execution was issued on the 6th day of September, 1879, and another on the 11th day of December, 1879; both returned unsatisfied. On the 9th day of November, 1879, Jeremiah Bragunier, one of the judgment debtors, died. On the 26th day of November, 1879, David Shellabarger, the owner of the judgment, assigned it for a consideration to one Sarah F. Bragunier. Frank Mawhinney married Sarah F. Bragunier, the purchaser of the judgment, on the 10th day of March, 1881. On the 31st day of January, 1882, and on the 23d day of February, 1882, other executions were issued on the judgment, and returned unsatisfied. On the 13th day of April, 1882, Sarah F. Mawhinney, the owner of the judgment, died, leaving Frank Mawhinney, her husband, and Nettie M. and Nina F. Bragunier, her daughters, as her heirs-at-law. On the 17th day of April, 1882, Frank Mawhinney was duly appointed administrator of the estate of Sarah F.

Mawhinney, and on the 20th day of April, 1885, the estate was fully settled, and Frank Mawhinney discharged from the administration. On the 17th day of April, Frank Mawhinney was duly appointed by the probate court of Shawnee county guardian of the persons and estates of Nettie M. and Nina F. Bragunier. In his petition he prays a judgment for the amount of the original judgment, with interest and costs, and alleges that the judgment is still in full force and unsatisfied. Among other defenses the answer alleged that by the death of Shellabarger, who owned the judgment originally, and the death of Mr. Bragunier, to whom it was assigned by Shellabarger, and by reason of the fact that it has never been revived in the name of the administrator of the estates of Shellabarger or Bragunier or Mawhinney within one year after the death of either or both of them, the judgment had become dormant, and no action could be maintained on it. A demurrer was interposed to this defense, and it was overruled, and the case brought here.

We held in the original opinion that the judgment had become dormant because of the death of Sarah F. Mawhinney, to whom Shellabarger, the judgment creditor, had assigned it. This death occurred on the 13th day of April, 1882. This action was commenced on the 24th day of August, 1885, more than three years after the death of the assignee of the judgment. Our statute provides that an order to revive an action upon the death of either the plaintiff or defendant cannot be made after the expiration of one year, without the consent of the opposite party. The petition alleges the death of the judgment creditor in April, 1882, and does not allege or show that the action was ever revived. The demurrer admits the facts alleged in the defense, that there was no revivor. There seems to be no escape from the conclusion that the judgment is dormant. Stress is laid upon the minority of Nettie M. and Nina F. Bragunier, and yet their petition recites that their stepfather was the duly-appointed administrator of their mother, and this judgment was a part of the assets of her estate. The revivor would have to be made in the name of

the administrator, as the judgment was an asset of her estate. There can be no doubt but that according to the allegations of the petition this is an action on the judgment, and not one to revive it. The prayer is for a recovery of the amount of the judgment, with interest, and a summons was issued and served as on a money demand. These things bring it within the decision of this court in the case of *Gruble v. Wood*, 27 Kas. 535. If by any possibility the action could be held as one to revive the judgment, then another class of questions arises. The summons served in this case does not meet the requirements of a notice to revive. (Code, § 428; *Angell v. Martin*, 24 Kas. 334; *Halsey v. Van Vliet*, 27 id. 474.) This judgment could not be revived after the expiration of one year from the death of the judgment creditor, without the consent of the judgment debtors. This is a plain requirement of the statute, and is given force by the decisions of this court in the cases of *Green v. McMurty*, 20 Kas. 189; *Myers v. Kothman*, 29 id. 19; *Scroggs v. Tutt*, 23 id. 182; *Angell v. Martin*, 24 id. 334; *Halsey v. Van Vliet*, 27 id. 474.

The motion for a rehearing is overruled.