## DEMPSEY *v.* TOWNSHIP OF OSWEGO.

*(Circuit Court of Appeals, Eighth Circuit.* May 30, 1892.)

1. **MANDAMUS—MUNICIPAL CORPORATIONS—DORMANCY OF JUDGMENT—LIMITATIONS.**
   The statutes of Kansas provide that judgments against municipalities shall be paid by taxation, and that the levy and collection of taxes may be enforced by *mandamus. Held,* that for the purpose of keeping a judgment alive such a *mandamus* is equivalent to the issuance of execution against a private person, and therefore that, under the state statutes relating to the life of judgments, (Gen. St. Kan. §§ 4542, 4537, 4522, 4525, 4530,) as construed by the state courts, a judgment against a municipality becomes dormant if more than five years elapse between the issuance of two successive writs of *mandamus,* and absolutely dead if no application to revive is made or suit brought upon the judgment within one year after the expiration of the five years.

2. **LIMITATIONS—TOWNSHIPS—SERVICE OF PROCESS ON OFFICERS.**
   Section 21, Code Kan., provides that the time of the absence from the state or the concealment of a person against whom a cause of action accrues shall not be computed as part of the period within which the action must be brought. *Held* that, even if this section can be held to apply where the persons elected officers of a township either fail to qualify or remove from the township, for the purpose of preventing the enforcement of judgments against it, still the question is not presented where service of process or of notice to revive the judgments could have been made, within the statutory period, upon a trustee of the township, such trustee having been duly appointed by the county commissioners, upon the ground that there were no township officers.

3. **TOWNSHIPS—NONRESIDENT OFFICER—SERVICE OF PROCESS.**
   The fact that a township officer removes from the township and thereafter resides in another township of the same county, does not necessarily prevent the service of *mandamus* upon him. *Salamanca Tp. v. Wilson,* 3 Sup. Ct. Rep. 344, 109 U. S. 627, followed.

4. **MANDAMUS—LIMITATIONS—PENDENCY OF PROCEEDINGS.**
   Where a writ of *mandamus* was issued and served, but no other steps were taken for more than six years, it cannot be said that the *mandamus* proceeding was pending during that time, within the rule that limitation does not run against a party while he has a suit pending to enforce his claim.

In Error to the Circuit Court of the United States for the District of Kansas.   Affirmed.

Statement by SANBORN, Circuit Judge:

This was a writ of error to the United States circuit court for the district of Kansas. On the 13th day of November, 1886, plaintiff in error brought an action against the township of Oswego upon two certain judgments against the defendant, which had been assigned to him. Defendant admitted the rendition and assignment of the judgments, but pleaded that they were barred by the statute of limitations, and that this question was *res adjudicata.* Plaintiff replied that *mandamus* proceedings were commenced shortly after the judgments were rendered, and had been pending ever since, and that the citizens of the town and its officers elect had prevented any of those elected to office from qualifying since the judgments were rendered, and those elected in the year the judgments were rendered ceased to act, and left the state within a year thereafter. A jury trial was had. The jury returned special findings of fact and a general verdict for the defendant. Plaintiff and defendant each moved the court for judgment. The court denied plaintiff's motion, and entered judgment in favor of defendant, to which ruling plaintiff excepted.

The special findings of the jury, so far as they were material, were that on November 29, 1876, judgment was rendered in favor of George O. Marcy against the defendant township for $2,600. On April 9, 1878, judgment was rendered in favor of William N. Field for $1,504. The treasurer of the township, who was elected and who qualified in 1877, shortly after moved out of the township, and thereafter resided in the county. In 1880, J. P. Updegraph was elected and qualified as treasurer, but shortly after moved into another township in the same county. On April 10, 1882, the county commissioners of the county of Labette made a finding on petition that there were no officers of said township, and appointed John Judd trustee of the township, who qualified as such, and has ever since lived in the county of Labette, but was living outside of the township in 1884. The officers of the township were a trustee, clerk, and treasurer. The trustee and clerk elected and qualified in 1877 became nonresidents of the state in 1878, and the three officers elected in 1877 ceased to act as such in 1878. No other officers than those above specified qualified from 1878 to 1886, and none were acting as such in the township during those years. Officers were elected each year, and there was an understanding generally known among the citizens of the township that the officers, if elected, would fail to qualify, and that this would defeat the bonds on account of which these judgments were rendered, On June 16, 1877, an alternative writ of *mandamus* was issued upon the Marcy judgment, which was served July 21, 1877. On December 19, 1877, a peremptory writ was issued. On December 13, 1878, an *alias* peremptory writ was issued. On June 3, 1878, an alternative writ of *mandamus* was issued on the Field judgment, which was served on July 17, 1878. On December 15, 1885, the *mandamus* proceedings on these two judgments were consolidated by order of the court. On December 16, 1885, an information was filed in the consolidated case, and an alternative writ issued in favor of the plaintiff in error here, Edward C. Dempsey. January 14, 1886, the writ was returned served. June 10, 1886, a motion to quash the writ was filed, and the motion was on that day granted, and the writ quashed. Entries of the names of these *mandamus* cases appear on the books of the clerk of the court, with notations of continuances in nearly if not quite every year from 1877 to 1890. In November, 1886, an order was made granting leave to file an amended information, and in 1889 an order was made extending the time to file a bill of exceptions.

*George A. Sanders* and *William R. Bowers*, for plaintiff in error.

*Nelson Case* and *W. B. Glasse*, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. Under the decisions of the supreme court of the state of Kansas construing the statutes of that state on this subject, this action was barred by the statutes of limitation of that state when it was commenced. 2 Gen. St. Kan. §§ 4092, 4095, 4542, 4537, 4522, 4524, 4525, 4530, 4531; *Burns* v. *Simpson*, 9 Kan. 666, 667; *Mawhinney* v. *Doane*, 40 Kan. 675, 678–680, 17 Pac. Rep. 44; *Angell* v. *Martin*, 24 Kan. 336;

*Turner* v. *Crawford*, 14 Kan. 503; *Gruble* v. *Wood*, 27 Kan. 536, 537; *Angell* v. *Martin*, 24 Kan. 334, 335; *Scroggs* v. *Tutt*, 23 Kan. 182, 186; *U. S.* v. *Township of Oswego*, 28 Fed. Rep. 55. The statutes of Kansas provide that, if execution shall not be sued out within five years from the date of any judgment of record in that state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, (section 4542;) that such judgment may be revived by order of the court on application and notice within one year after it becomes dormant; and that, if such order is not made within one year from the time it could first have been made, it shall not be made at all unless by the consent of the debtor or his representatives. Sections 4542, 4537, 4522–4530. In the case at bar no execution could issue against the defendant township, but the writ of *mandamus* to enforce collection of judgments against municipalities performs the office of, and is legally the equivalent of, the writ of execution upon judgments against private individuals, since the legislature has provided that these judgments shall be paid by taxes, and the levy and collection of the taxes may be enforced by *mandamus*. It follows that under the Kansas statutes a judgment against a municipality will become dormant if the creditor permits a period of more than five years to elapse between the rendition of his judgment and the issuance of a writ of *mandamus*, or between the dates of the issuance of two successive writs of *mandamus*. *U. S.* v. *Township of Oswego*, 28 Fed. Rep. 55. Between the 3d day of June, 1878, and the 16th day of December, 1885, no writ of *mandamus* was issued upon either of these judgments, nor was any motion or application made within one year after they became dormant, or at all, to revive them. Where a judgment has been permitted to become dormant by the neglect of the creditor to issue the proper writ for five years, and no application or motion to revive is made or suit upon the judgment brought within one year after the expiration of the five years, the supreme court of Kansas has uniformly held that the judgment becomes not only dormant, but dead, and no suit can be maintained upon it. See authorities *supra.* It is not important here that the courts of Nebraska and Ohio have adopted a different rule in the construction of similar statutes. No constitutional rights are here affected, no federal law is in question. The rights of these litigants are governed by these statutes of Kansas, and it is sufficient for this court that the highest court of that state has decided this question.

But plaintiff's counsel contends that he is excepted from the operation of these statutes and decisions by the fact that there were no officers of the township qualified and acting therein from 1878 until 1886. That the citizens of the town conspired with the officers elected during that time to prevent their qualifying for the purpose of preventing the enforcement of these judgments. That section 21 of the Code of Kansas provides: "If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state,

or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought;" and that this case is so far within the spirit if not the letter of this statute that the exception there made should be applied to it. A complete answer to this contention is that the facts of this case do not raise this question. They are: That the three principal officers of the township were a trustee, clerk, and treasurer; that the treasurer, who was elected and who qualified in 1877, shortly after moved out of the township, but thereafter resided in the county; that no successor of this treasurer qualified until 1880, when J. P. Updegraph was elected and qualified as treasurer, but shortly after moved into another township in the same county; that on April 10, 1882, the county commissioners of the county made a finding that there were no officers of the township, and appointed John Judd trustee thereof, as they had authority to do under the Kansas statutes; that he qualified as such, and has ever since lived in Labette county, but in 1884 was not living in Oswego township. From this statement of the facts found it clearly appears that there was ample opportunity to serve process on one of the officers of this township during a large part of the time between the entry of the judgments and the commencement of this suit. During all of the sixth year after the date of the earlier writs of *mandamus* service could have been made on Mr. Judd, the trustee, and the judgments thus revived. That other officers who were elected did not qualify; that these officers who did qualify lived outside the township, but within the county,—would not necessarily render invalid the service of notice or process upon them of officers of this township. *Salamanca Tp.* v. *Wilson*, 109 U. S. 627, 3 Sup. Ct. Rep. 344. The facts of this case do not bring it within the exception of this statute if the statute could be held to apply to such a case.

Finally, plaintiff contends that the suit on these judgments is not barred by the statutes of limitation and dormancy, because these *mandamus* proceedings upon the judgments have always been pending; and he invokes the rule that time does not run against a party under a statute of limitations while he has a suit pending to enforce his claim. It is undoubtedly true that, if the plaintiff had seasonably brought suit upon these judgments, as he has done in this case too late, time would not have run against him while such a suit was pending; but here the analogy between *mandamus* proceedings upon judgments against municipalities and the writ of execution upon judgments against individuals must not be lost sight of. Would the fact that the creditor in a judgment against an individual issued an execution, and thereby tried to enforce and continued to try to enforce his judgment for five years, prevent the statute of limitations from running against him? Certainly not. Neither will the mere fact shown in this case that in 1877 and 1878 writs of *mandamus* were issued and served in proceedings to collect these judgments, while no further steps were taken and no other action had thereafter for more than six years, prevent the running of the stat-

utes upon this action upon the judgments. Such proceedings, or rather such want of proceedings, do not constitute a suit pending upon the judgments within the rule invoked by plaintiff's counsel, especially in view of the fact that in these very *mandamus* proceedings before Mr. Justice BREWER, then circuit judge of this circuit, all the vital-questions in this case were considered and determined adversely to the plaintiff, and the writ quashed, in *U. S.* v. *Township of Oswego,* 28. Fed. Rep. 55, in 1886.

If the plaintiff in this case has failed to collect the money that was due him it has not been because he was remediless under the law. It has been because for more than five years he issued no writ upon his judgments when he could have had a writ for the asking, and because he brought no suit, and made no application to revive his judgments, for more than three years after they became dormant, at a time when there was ample opportunity to serve notice and process upon the defendant. The judgment against him was right, and it is affirmed.