## KING v. BOARD OF COM'RS OF GRAND COUNTY.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1896.)

### No. 738.

JUDGMENTS ON COUNTY WARRANTS—TAX LEVY.

A board of county commissioners is not required, by section 8 of the Colorado statute of March 24, 1877 (Laws Colo. 1877, p. 219), nor by the statute of April 28, 1887 (Laws Colo. 1887, p. 240), to levy a special tax to pay a

judgment against it, founded upon warrants for customary county expenses, but, at most, to make its levy for such expenses equal to the full amount permitted by law, so long as such debts remain unpaid.    Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Colorado.

Willard Teller (H. M. Orahood and E. B. Morgan, on the brief), for plaintiff in error.

Charles G. Clements and Sam W. Jones (L. B. France filed brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.    This case was before this court at the December term, 1895, on a writ of error that was sued out by the board of county commissioners, the present defendant in error. Board v. King, 32 U. S. App. 1, 14 C. C. A. 421, 67 Fed. 202.    After the reversal of the former judgment in favor of Francis G. King, the present plaintiff in error, he filed an amended petition for the purpose of obtaining a writ of mandamus, which alleged, in substance, the following facts:    That on July 25, 1891, the petitioner recovered a judgment against the board of county commissioners of Grand county, Colo., in the circuit court of the United States for the district of Colorado, in the sum of $6,595 and costs; that said judgment was recovered on warrants issued by Grand county, Colo., in payment of ordinary county expenses,—that is to say, to pay the fees of jurors, witnesses, county clerks, sheriffs, deputies, and judges of election, and also to pay the salaries of county judges, county attorneys, district attorneys, county commissioners and county superintendents of schools; that said warrants were so issued between January 14, 1880, and November 23, 1882, and were duly registered between February 28, 1882, and November 25, 1882; that the judgment recovered thereon remained wholly unpaid; that under the laws of the state of Colorado no execution could be issued on said judgment against the county; that by a law of the state enacted in 1885 it was provided that no warrants should be drawn on the county treasury payable on demand, unless there were sufficient moneys in the fund on which they were drawn to pay the same; and that there was not at the date of the filing of the petition any money in the county treasury of Grand county, Colo., on which a warrant could be lawfully drawn to pay said judgment, nor would there ever be, unless the board of county commissioners of said county levied a tax for that purpose.    The petitioner further alleged that the board of county commissioners of said county had the authority, and that it was their duty, to levy a tax upon the taxable property of the county to pay said judgment; that said duty was imposed by a statute of the state of Colorado that was in force when said warrants were issued, and when the judgment thereon was recovered, which provided that when a judgment should be rendered against the board of county commissioners of any county in the state no execution should issue thereon, but the same should be levied and paid by a tax; that

the petitioner had demanded of the board of county commissioners that they cause a tax to be levied for the payment of said judgment, and that said board had neglected and refused to levy any tax whatever for that purpose. The petitioner further alleged, in substance, that a levy could be made under the laws of the state of Colorado to an amount not exceeding five mills on the dollar, without such levy being subject to any limitation by statute or otherwise. The board of county commissioners demurred to said petition for the reason that it failed to show that the petitioner was entitled to a writ of mandamus compelling the levy of a special tax. The trial court sustained the demurrer, and entered an order dismissing the petition. The case was heard in conjunction with the case of Stryker v. Board (recently decided) 77 Fed. 567, inasmuch as both cases involved a consideration of the same questions.

In view of the allegations of the petition, and the argument of counsel for the petitioner, we must conclude that the duty sought to be enforced in the case at bar is a duty which is supposed to have been devolved upon the board of county commissioners by section 8 of the act of March 24, 1877 (Laws Colo. 1877, p. 219), which we had occasion to consider and quote in the case of Stryker v. Board. That section was in force when the petitioner's warrants were issued, and when the judgment thereon was recovered, and it must be presumed to be the statute to which particular reference is made in the petition, and the one upon which reliance is placed to obtain the relief sought for by the petitioner. Stated briefly, the theory of the petitioner seems to be that section 8 of said act makes it the imperative duty of the board of county commissioners of any county against whom a judgment is recovered to levy a special tax to any amount that is necessary for its payment, whether such judgment is founded upon warrants issued for customary county expenses or for extraordinary obligations that have been incurred by the county, and that such duty may be enforced by mandamus at the instance of any judgment creditor whose judgment is founded on obligations incurred prior to the amendment of section 8 of said act, notwithstanding all subsequent legislation on the subject. For reasons that are more fully stated in the case of Stryker v. Board, we cannot assent to that view. We think that the legislature of the state did not intend by the provision in question to authorize the levy of a special tax to liquidate judgments that might be recovered on warrants issued for ordinary county expenses. It did not intend to allow a warrant holder of that class to reduce his warrant to a judgment, and forthwith call upon the board of county commissioners to levy a tax, without limit, for his benefit. That view of the section of the statute in question is wholly inconsistent with other sections of the same act, with other laws enacted at or about the same time, and with the general scheme which the legislature prescribed for the administration of county finances. By the sixth section of the general revenue law, passed on March 20, 1877 (Laws Colo. 1877, pp. 741, 742), a limit was placed by the legislature upon the rate of taxation for ordinary county expenses, of which all persons who had dealings with the county, or who accepted or bought county war-

rants, were bound to take notice. When they became creditors of the county, they were advised thereby, and must be presumed to have had knowledge, that the board of county commissioners could not levy a tax in excess of 10 mills on the dollar in any one year for the payment of ordinary county charges. By other provisions of law they were advised that warrants issued for such demands against a county could only be paid in the order of their presentation and registration. Now, in view of these facts (as we said, in substance, in the case last referred to), the most that a person holding a warrant issued for ordinary county expenses, or a judgment founded thereon, is entitled to demand under section 8 of the act of March 24, 1877, is that, so long as his debt remains unpaid, the annual levy for ordinary county expenses shall not be less than 10 mills on the dollar, if a levy to that extent is required to produce a fund adequate to pay his judgment. It may be conceded that the statute in question did impose on the board of county commissioners the duty of levying a tax to that amount annually, if it was necessary, to discharge warrants drawn for ordinary county expenses; but, if the duty in question is enforced by mandamus, it should be enforced for the benefit of all warrant holders, rather than for the benefit of a particular creditor. The tax levied should be paid into the county revenue fund, to the end that all warrants drawn thereon may be paid in the order of their priority, as the laws of the state contemplate. While we admit the right of a warrant holder to sue thereon in the federal courts, and to reduce the same to a judgment for the purpose of availing himself of the remedy by mandamus, which he can obtain in no other way in that forum (County of Greene v. Daniel, 102 U. S. 187, 195; Davenport v. Dodge Co., 105 U. S. 237), yet we cannot assent to the view that a judgment thus recovered is to be paid in a different manner or order than that prescribed by law for the warrants on which it is founded. A change in the form of a county indebtedness from warrants to a judgment ought not to work a change in the method or order of payment, although the recovery of a judgment does conclusively establish the amount and the validity of the debt. Ralls Co. Ct. v. U. S., 105 U. S. 733.

It results from these views that the petition which was filed in the trial court for the purpose of obtaining a writ of mandamus compelling the levy of a special tax did not show that the petitioner was entitled to such relief. It showed that the defendants had refused to make a special levy for the purpose of paying the petitioner's judgment, but no law of the state made it their duty to make such a levy. The petitioner did not aver that the defendants had at any time failed to levy up to the maximum rate established by law for ordinary county expenses, and, in the absence of such an averment, we must presume that the board of county commissioners had performed its duty in that regard, and that it had theretofore levied all the taxes that it was permitted, by the laws of the state, to levy for that purpose. The present proceeding does not appear to have been inaugurated with a view of enforcing any duty that may have been imposed upon the defendants by the provisions of the two acts of the legislature of the state of Colorado which were

passed respectively on April 1, 1891, and April 8, 1893 (Laws Colo. 1891, p. 111; Laws Colo. 1893, p. 100). Therefore no reference need be made on the present occasion to the provisions of those acts, or to the rights of the petitioner acquired thereunder. Whatever the petitioner's rights may be under the provisions of those acts is a matter for future consideration, when proceedings are taken to enforce the same. We think that the petitioner did not show that he was entitled to a special levy under section 8 of the act of March 24, 1877, nor under the act of April 28, 1887, which latter act was considered at some length in the case of Stryker v. Board; wherefore the judgment of the circuit court must be affirmed.

SANBORN, Circuit Judge (dissenting). I am unable to concur in the opinion and conclusion of the majority of the court in this case for the reasons stated in my dissenting opinion in Stryker v. Board, supra.