## CITY OF HARPER, KAN., v. DANIELS.

(Circuit Court of Appeals, Eighth Circuit.   January 7, 1914.)

No. 3784.

1. MANDAMUS (§ 116*)—COMPELLING LEVY OF TAX—PAYMENT OF JUDGMENT—"EXECUTION."

A mandamus to compel a municipality to levy and collect taxes for the payment of a judgment is equivalent to an "execution against a private person," within Gen. St. Kan. 1901, § 4895, providing that if execution shall not be sued out within five years from the date of any judgment, or if five years shall intervene between the date of the last execution and the time of suing out another execution, the judgment shall become dormant and cease to operate as a lien.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 243–248; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 3, p. 2564; vol. 8, p. 7656.

Mandamus to enforce payment of judgment against municipality, see note to Holt County v. National Life Ins. Co., 25 C. C. A. 475.]

2. EXCEPTIONS, BILL OF (§ 43*)—TIME FOR FILING—EFFECT OF DELAY.

A bill of exceptions, not filed within the time granted, could not be considered where no extension of time for filing was agreed upon, asked, or granted, and the court's control over the record was not preserved by the pendency of a motion for a new trial or otherwise.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 72½; Dec. Dig. § 43.*]

3. PLEADING (§ 418*)—DEMURRER—EFFECT OF PLEADING OVER.

Where, after a demurrer to the petition was overruled, defendant answered over, the judgment would be reversed for the error in overruling the demurrer if the petition was fatally defective in substance and clearly showed that, upon the case as stated, plaintiff could not recover.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1399, 1403–1406; Dec. Dig. § 418.*]

4. JUDGMENT (§ 866*)—REVIVAL—LIMITATIONS.

Where, for ten years after the recovery of judgment on city warrants payable out of the general revenue fund, the city officers never levied a tax to the full amount authorized by statute, and the judgment creditor took no steps to compel them to do so by mandamus, a suit to revive the judgment was barred by Gen. St. Kan. 1901, § 4895, providing that if execution shall not be sued out within five years from the date of the judgment, or if five years shall intervene between the date of an execution and the time of suing out another execution, the judgment shall become dormant; section 4890 providing that a dormant judgment may be revived in the same manner as is prescribed for reviving actions before judgment, and section 4883 providing that an order to revive an action shall not be made except by consent, unless made within one year from the time it could have been first made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1603–1607; Dec. Dig. § 866.*]

5. LIMITATION OF ACTIONS (§ 139*)—ACKNOWLEDGMENT OF DEBT—"JUDGMENT."

A judgment is not a contract within Gen. St. Kan. 1909, § 5616, providing that an action on a contract may be brought within the time prescribed by statute after any payment of principal or interest or acknowledgment of the debt, or promise to pay it, in writing, and hence the time for re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

viving a judgment against a city was not extended· by payments thereon and written acknowledgments of the debt by the city.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 574, 593, 621; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

6. JUDGMENT (§ 583*)—MERGER OF CAUSES OF ACTION.

A judgment on a note or contract merges the note or contract, and no other suit can be maintained thereon.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1082; Dec. Dig. § 583.*]

7. MANDAMUS (§ 116*)—LEVY OF TAX—PAYMENT OF JUDGMENT.

One recovering judgment against a city on city warrants payable from the general revenue fund had a right to demand that a tax should be levied each year until his judgment was paid to the full amount authorized by statute for ordinary city expenses, and this right could be enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 243–248; Dec. Dig. § 116.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by James Daniels against· the City of Harper, Kan. Judgment for ·plaintiff, and defendant ·brings error. Reversed and remanded.

E. C. Wilcox, of Anthony, Kan. (H. ·C. Sluss, of Wichita, Kan., on the brief), for plaintiff in error.

Charles Blood Smith, of Topeka, Kan. (Samuel Barnum, of Topeka, Kan., on the brief), for defendant in error.

Before HOOK and SMITH, ·Circuit Judges, and VAN VALKENBURGH, District Judge. ·

VAN VALKENBURGH, District Judge. Defendant in error, plaintiff below, was the owner of a number of city warrants issued by plaintiff in error, defendant below, a city of the third class, in 1891 and 1892; these warrants were all duly presented to the city treasurer within less .than five years after their issue and duly indorsed, as required by law, "Not paid for want of funds." They were payable, only out ·of the general revenue fund of the city. Suit was brought to enforce collection, and on the 8th day of March, 1897, judgment was· rendered in favor of plaintiff, and against defendant, in the sum of $14,573.23.

[1] This judgment was not paid, and June 18, 1907, this action was brought to revive it. The statutes of Kansas then provided:

"If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." Section 4895, General Statutes of Kansas 1901.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment." Section 4890, General Statutes of Kansas 1901.

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made." Section 4883, General Statutes of Kansas 1901.

In Kansas, judgments against municipalities are paid by taxation, and the levy and collection of taxes may be enforced by mandamus. Such a mandamus is equivalent to an execution against a private person, within the meaning of the statutes relating to the life of judgments. Between March 8, 1897, the date of the judgment, and June 18, 1907, the date of filing this suit, a period of more than ten years, no writ of mandamus had issued, nor had application been made to revive the judgment sued on.

The situation, so far as it affects this phase of the controversy, is thus stated in the second amended petition:

"That in the year of the rendition of said judgment the said city of Harper made a levy of seven mills for general purposes, but failed to make any provision in said levy towards the creation of a fund to pay said warrants and failed and neglected so to do until the year 1900, although frequently demanded to do the same by said plaintiff, but in the year 1900, as aforesaid, the said city of Harper, recognizing the validity of said indebtedness as evidenced by and liquidated in said judgment in accordance with law in that behalf, passed its certain ordinance for a two-mill levy of taxes for the purpose of making a payment on said judgment. That the said defendant since the year 1900 has failed, neglected, and refused to make any levy for the purpose of collecting or paying any moneys into its general fund.

"That in the years 1901, 1902, and 1903, the said city of Harper passed ordinances making levy for said judgment, but since the year 1904 has failed, neglected, and refused to make any levy for the purpose of raising a fund to pay said warrants or judgment. That the levies so as aforesaid made for the years 1900, 1901, 1902, and 1903 were duly indorsed upon the tax books in conformity to said ordinances and the same were duly collected, and the fund realized therefrom were paid over and deposited in the treasury of the city of Harper.

"Thereafter, and from time to time as the said taxes were so collected and deposited in the city treasury, the said city of Harper, through its proper officers, paid upon said indebtedness, liquidated and evidenced by said judgment, various amounts as follows:

On February 26, 1901......................................$133 80
On January 28, 1902........................................ 279 46
On July 25, 1902........................................... 74 29
On February 27, 1903....................................... 221 72
On April 8, 1904........................................... 395 98

"That said various sums were duly accepted and receipted for by said plaintiff as part payment of said indebtedness and duly credited thereon, as per the order and direction of the said defendant, the city of Harper.

"That within the past five years at various times the said city of Harper, through its duly authorized officers and agents, duly acknowledged in writing the existence of said debt upon said warrants as evidenced by said judgment and its present and continuing obligation to pay and discharge the same to this plaintiff.

"That the foregoing payments so as aforesaid made comprise all the fruits and return from said levies and collection of taxes between the years 1900 and 1905, inclusive, and said levies and collection of taxes were advisedly and purposely made to create a fund in the treasury as required by law to be applied towards the payment of said judgment and the indebtedness evidenced by it, so far as it would go.

"But said defendant (plaintiff) says that at no time since the presentation of said warrants and their indorsement as aforesaid, 'Not paid for want of funds,' has there been levied and collected and in the treasury of said city of Harper any sums of money whatsoever for the payment of said warrants or the judgment evidencing the same, save and except the said sums of money above set forth, which, as aforesaid, were paid over to this plaintiff to be applied upon this indebtedness and which have been applied as of the above dates mentioned.

"Said plaintiff further says that if, beginning with the year 1897, the year said judgment was rendered, the full ten-mill levy, which it was in the power of the said defendant, the city of Harper, to tax for general purposes, had been levied for the specific and exclusive purpose of being placed in the treasury as a fund to be applied upon the payment of these warrants and upon the judgment liquidating the same, and the same was duly extended and made a charge upon the full assessed valuation of the city of Harper, and the same was fully collected without delinquency upon the part of the taxpayers, it would produce a fund, which, after the payment of interest, would be insufficient to pay and satisfy more than 20 per cent. of said judgment or of said warrants."

[2, 3] To this petition defendant interposed a demurrer setting up the bar of the statute of limitations. The demurrer was overruled, and an exception saved; thereafter defendant answered over, a jury was waived, and the case was submitted to the court upon pleadings and evidence. Judgment was rendered in favor of plaintiff in the sum of $27,922.30. Defendant was given 120 days within which to file its bill of exceptions. The trial court filed neither findings of fact nor conclusions of law, but made only a general finding in the nature of a general verdict. The bill of exceptions was not filed within the time granted, and not until the succeeding term of court; no extension of time for the filing was ever agreed upon, asked, or granted; nor was the court's control over the record preserved by the pendency of a motion for new trial or otherwise. Under these circumstances, the bill of exceptions cannot be considered by us. United States v. Carr et al., 10 C. C. A. 80, 61 Fed. 802; Missouri, Kansas & T. Ry. Co. v. Russell, 9 C. C. A. 108, 60 Fed. 501; Jennings v. Phil., Balt. & Wash. Ry. Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319. This leaves but one of the assignments of error subject to review, viz.:

"The court erred in overruling the demurrer of the city of Harper to the plaintiff's second amended petition."

If the petition, as challenged by the demurrer, is fatally defective in substance, and clearly shows that upon the case as stated the plaintiff cannot recover, the judgment must be reversed, otherwise it should be affirmed. Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415; Hudson Canal Co. v. Penna. Coal Co., 8 Wall. 276–287, 19 L. Ed. 349; Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158–161.

[4, 5] The issue presented is whether the suit was barred by the statute of limitations, which this court has expressly ruled applies to judgments against municipalities. Dempsey v. Township of Oswego, 2 C. C. A. 110, 51 Fed. 97. Under section 5616, General Statutes of

Kansas 1909, the running of that statute may be arrested in the following manner:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of the existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

However, the Supreme Court of Kansas, in construing this section, has held that a judgment is not a contract within the meaning of its terms (Burnes et al. v. Simpson, 9 Kan. 658); and so it has been held under similar statutes in Willard v. Wood, 164 U. S. 502–522, 17 Sup. Ct. 176, 41 L. Ed. 531; McAleer v. Clay County (C. C.) 38 Fed. 707; McCaskill v. Graham, 121 N. C. 192, 28 S. E. 265. Therefore the allegations of payments made, and of written acknowledgment of the debt by defendant, are ineffective. This is practically conceded, and to escape the bar of the statute counsel for plaintiff rely mainly upon the contention that the statute of limitations does not run in favor of a municipal or quasi municipal corporation upon its outstanding obligations until the corporation has provided a fund with which payment thereof may be made (School District v. Bank, 63 Kan. 668, 66 Pac. 630; Hubbell v. South Hutchinson, 64 Kan. 645, 68 Pac. 52; Schoenhoeft v. Kearny County, 76 Kan. 883, 92 Pac. 1097, 16 L. R. A. [N. S.] 803, 14 Ann. Cas. 100); that in this case no such fund was provided which would have been sufficient to pay this debt and all of it; that the judgment can be paid in no other manner than the warrants upon which it was founded (King v. Board of Commissioners, 23 C. C. A. 348, 77 Fed. 583; United States v. County of Macon, 99 U. S. 582, 25 L. Ed. 331; Schoenhoeft v. Kearny County, 76 Kan. 883, 92 Pac. 1097, 16 L. R. A. [N. S.] 803, 14 Ann. Cas. 100); that therefore the court may look behind the judgment to the nature of the debt formerly evidenced by the warrants, and, if the warrants are not barred, then the judgment is equally exempt. Such was the view taken by the trial court. Upon most thoughtful and attentive consideration of this contention we are unable to give it our assent. That in default of execution a judgment becomes dormant at the expiration of five years from the date of its rendition, and cannot be revived or enforced by any action unless within one year after dormancy ensues, has been repeatedly and consistently ruled by the Kansas Supreme Court. Scroggs v. Tutt, 23 Kan. 181; Angell v. Martin, 24 Kan. 334; Halsey v. Van Vliet, 27 Kan. 474; Tefft v. Citizens' Bank, 36 Kan. 457, 13 Pac. 783; Mawhinney v. Doane et al., 40 Kan. 676, 17 Pac. 44. The statute contains no exception which would exclude judgments upon municipal warrants such as these, and this court, as we have seen, has expressly recognized its application to such judgments. Dempsey v. Township of Oswego, supra.

[6] A judgment on a note or contract merges the note or contract and no other suit can be maintained on the same instrument. Eldred v. Bank, 17 Wall. 545, 21 L. Ed. 685; Ralls County Court v. United States, 105 U. S. 733, 26 L. Ed. 1220; Gaines v. Miller, 111 U. S. 395–399, 4 Sup. Ct. 426, 28 L. Ed. 466; Schuler v. Israel, 120 U. S. 506–

509, 7 Sup. Ct. 648, 30 L. Ed. 707. In the latter case it is said that, when "it is made to appear that a judgment on the same cause of action has been recovered and is in full force and effect, that judgment must be held to merge the evidence of the debt, whether that evidence be parol or written, in the judgment first recovered." In the case at bar, then, there could be no recovery upon the warrants themselves, and, indeed, it may be sufficient to say that none is attempted. The action is confessedly based upon the former judgment, and must stand or fall accordingly as that judgment is able to support it. It is true that the judgment does not change the manner and form of payment because of the limited power of taxation conferred upon municipalities. It does, however, establish the validity and amount of the claim. It cannot be said that the character of the obligation has been in no sense changed.

The petition alleges that prior to the original judgment the city of Harper failed to take any step toward the payment of the debt evidenced by the warrants. As matters stood, plaintiff was helpless to enforce payment. His remedy was mandamus, but in the federal court a judgment at law is necessary to support the writ, which is in the nature of an execution to carry the judgment into effect. County of Greene v. Daniel, 102 U. S. 187, 26 L. Ed. 99; Davenport v. County of Dodge, 105 U. S. 237–243, 26 L. Ed. 1018; King v. Board of Commissioners, 23 C. C. A. 348, 77 Fed. 583–586. It was imperative that plaintiff should reduce his demand to judgment before he could set in motion any process that could result in the payment of his claim; by so doing the nature of his demand was changed and he acquired a valuable right which he could not otherwise enjoy. A statutory responsibility concurrent with the privilege was imposed upon him. The duty of vigilance in the pursuit of his remedy was enjoined. The life of his claim was not thereby endangered.

"A party may, by the issue of executions every five years, keep a judgment alive indefinitely. It remains in force without execution for five years, and the plaintiff may revive it at any time within one year thereafter, so that practically a plaintiff may neglect his judgment for six years, lacking a day, and then revive and put it in force for five years more. And if a party neglects his judgment for six years, he has little cause of complaint if the law says to him, 'You have slept upon your rights too long, and public policy requires that claims so old should be considered barred.'" Angell v. Martin, 24 Kan. 334–336.

There is no hardship in this. It is but an incident of the ultimate repose and end to litigation which it is the office of statutes of limitation to insure.

[7] Having acquired the right to avail himself of the writ of mandamus in aid of his judgment, he could demand that a tax should be levied each year to the full amount of the limit fixed by statute for taxation for ordinary city expenses until his judgment was paid. Stryker v. Board of Commissioners, 23 C. C. A. 286, 77 Fed. 567. The power of the court to issue a mandamus to compel municipal officers to perform their duty of levying is a distinct power, which extends to ministerial acts which officers are legally bound and refuse to perform. Barkley v. Levee Commissioners et al., 93 U. S. 258–265, 23 L. Ed.

893; Ex parte Rowland, 104 U. S. 604–615, 26 L. Ed. 861. It is true that a court has no taxing powers and can impart none to the city authorities; nor has the holder of city warrants, or a judgment rendered thereon, a right to demand that a special tax shall be carved out of a general given rate and levied for the exclusive purpose of paying his warrants or judgment unless the statute requires it and leaves the city levying board no discretion (Board of Commissioners v. King, 14 C. C. A. 421; 67 Fed. 202); but he has the right to demand that a levy be made and the tax collected to the full amount authorized for the fund out of which his warrants and judgment are payable. In the present case that authorized rate for general purposes was ten mills. According to the petition the officers of the city never discharged their full duty in this respect, nor did plaintiff take the appropriate legal steps to compel them to do so. In the year of the rendition of the judgment a levy of seven mills only was made for general purposes, and after the year 1900 the defendant failed, neglected, and refused to make any levy for the purpose of collecting or paying any moneys into its general fund. Moneys provided by the two-mill levy were paid and credited on the judgment; but this action of the city officials fell far short of performance authorized by law, which plaintiff might have demanded, but did not demand. It would thus appear that plaintiff invoked neither the letter nor the spirit of the law for the preservation of his judgment. From the situation disclosed by the petition it must be presumed that timely writs of mandamus would have produced at least an increased partial payment of the judgment debt. The suggestion that the issuance of such writs is not demanded unless they could effect the discharge of the entire indebtedness cannot, of course, be entertained.

The case of Beadles v. Smyser, 209 U. S. 393, 28 Sup. Ct. 522, 52 L. Ed. 849, is cited in support of the contention that the city is estopped to raise the bar of the statute in the instant case. In the opinion the following quotation from Dillon on Municipal Corporations is quoted with approval:

"Any positive acts (infra vires) by municipal officers which may have induced the action of the adverse party, and where it would be inequitable to permit the corporation to stultify itself, by retracting what its officers had done, will work an estoppel."

The facts in the two cases are essentially different. In Beadles v. Smyser the city council provided by legislation that all judgments against the city should be paid, in the order of their rendition, out of moneys then on hand and as they should accrue in the judgment fund. The judgment creditors agreed to this and signed written waivers of their right to payment of their judgments pro rata; this had the effect of postponing the payment of some judgments beyond the statutory period. The city made payments according to this agreement, and so long as it did so the creditors who were parties thereto were precluded from issuing execution or suing out writs of mandamus, and a court of equity would have promptly restrained such proceedings on their part if attempted. Under such circumstances, the Supreme Court held that the city was estopped to invoke the statute of limitations. In the

case at bar no such arrangement existed. The city merely neglected to pay in any substantial way, and the plaintiff neglected to take steps to enforce payment. Nothing is disclosed in the petition but inadequate partial payments and alleged written acknowledgment of the debt; but, as we have already seen, such are insufficient to toll the statute. Judge Sanborn's language in Dempsey v. Township of Oswego has substantial, though not literal, application here:

"If the plaintiff in this case has failed to collect the money that was due him it has not been because he was remediless under the law. It has been because for more than five years he issued no writ upon his judgments when he could have had a writ for the asking, and because he brought no suit, and made no application to revive his judgments, for more than three years after they became dormant, at a time when there was ample opportunity to serve notice and process upon the defendant."

While courts in the interest of justice lean to such conclusions as will insure the discharge of honest obligations by cities as well as by individuals, they are not justified in granting relief to creditors who have neglected to avail themselves of their proper remedies, in the face of the plain bar of a statute, whose construction is not involved in doubt. The demurrer to the petition should have been sustained.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed, including if the facts warrant it, leave to plaintiff to amend, in the discretion of the trial court.

SMITH, Circuit Judge (concurring). I concur in the foregoing opinion of VAN VALKENBURGH, District Judge, but deem it desirable to add the following thereto:

In my opinion ordinarily a demurrer is waived whenever the party filing it pleads over in the trial court. Eau Claire National Bank v. Jackman, 204 U. S. 522, 535, 27 Sup. Ct. 391, 51 L. Ed. 596; Campbell v. Haverhill, 155 U. S. 610, 612, 15 Sup. Ct. 217, 39 L. Ed. 280; Stanton et al. v. Embry, Administrator, 93 U. S. 548, 553, 23 L. Ed. 983; Marshall v. Vicksburg, 15 Wall. 146, 148, 21 L. Ed. 121; Railroad Co. v. Harris, 12 Wall. 65, 84, 20 L. Ed. 354; Campbell v. Wilcox, 10 Wall. 421, 423, 19 L. Ed. 973; Watkins v. United States, 9 Wall. 759, 761, 19 L. Ed. 820; Young v. Martin, 8 Wall. 354, 357, 19 L. Ed. 418; Aurora City v. West, 7 Wall. 82, 92, 19 L. Ed. 42; Bell v. Railroad Co., 4 Wall. 598, 602, 18 L. Ed. 338; Clearwater v. Meredith et al., 1 Wall. 25, 42, 17 L. Ed. 604; United States v. Boyd, 5 How. 29, 50, 12 L. Ed. 36; Evans v. Gee, 11 Pet. 80, 85, 9 L. Ed. 639.

The question, therefore, considered in the foregoing opinion would not be open for disposition by us were it not for the so-called conformity act (section 914, Revised Statutes [U. S. Comp. St. 1901, p. 684]) that:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

This of course does not change the practice in this court, but the waiver, if any, existed on the ruling on the demurrer must have taken place in the District Court for the District of Kansas. That the ruling on the demurrer was erroneous I have no doubt, and an exception was duly taken to the ruling. on the demurrer at the time, and under the laws of Kansas, where such an exception is taken, the ruling on demurrer is not waived by answering.

I am therefore of the opinion that the ruling. on the demurrer is in this case still available to the plaintiff in error, and, being of the opinion that it was erroneously overruled, concur in the reversal of the judgment.