UNITED STATES ex rel. JENSEN v. CRINER, County Assessor, et al.

(Circuit Court of Appeals, Eighth Circuit.    September 11, 1922.)

No. 6020.

1. **Mandamus** ⬅︎1—**Proceeding in law, and not in equity.**

    Mandamus is a proceeding in law, and not in equity. ·

2. **Mandamus** ⬅︎10—**County authorities could not be required by mandamus to require payment of portion of taxes in money.**

    One who has recovered a judgment for the face value of county warrants against a county of Arkansas could not by mandamus require the county authorities to collect a portion of county taxes in cash, instead of in county warrants, since, under Const. Ark. art. 16, § 10, and Kirby's Dig. Ark. § 1174, a taxpayer could pay taxes either in cash or in warrants, and the county officers were required to accept the tender, whether in warrants or money.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Mandamus by the United States, on the relation of Andrew Jensen, against J. R. Criner, County Assessor of Newton County, Ark., and others. To review an order denying relator's motion to amend the writ, relator brings error. Affirmed.

C. P. Anderbery, of Minden, Neb. (Shouse & Rowland, of Harrison, Ark., on the brief), for plaintiff in error.

O. L. Smith and Guy L. Trimble, both of Harrison, Ark., and J. F. Carlton, of Jasper, Ark., for defendants in error.

Before CARLAND and LEWIS, Circuit Judges, and MUNGER, District Judge.

LEWIS, Circuit Judge. On April 8, 1918, the relator, Andrew Jensen, recovered a judgment in the District Court of the United States for the Western District of Arkansas against Newton County in that State, for $14,500, which was the face value of county warrants held and owned by him. Under the State statute neither the warrants nor the judgment based on them draw interest. They and the judgment are payable out of the general county revenue. Notwithstanding the State Constitution and statutes require that all property subject to taxation shall "be taxed according to its value" and appraised at not less than its true value in money, or (as to real property) at its true market value in money, U. S. v. Jimmerson, 222 Fed. 489, 138 C. C. A. 85, L. R. A. 1918B, 1102; U. S. v. Cargill (C. C. A.) 263 Fed. 856, nevertheless it had been the uniform practice throughout the State to assess all property at 50% of that value for revenue purposes. The Constitution and statutes also provide that county warrants shall be received in payment of taxes for county purposes. After obtaining his judgment Jensen found out that all county taxes were being paid in county warrants, consequently no money applicable to his judgment came into the treasury. He also learned that the levy for county purposes was at the maximum rate permitted by the Constitution. Thereupon he obtained

---

the issuance of the writ of mandamus, directed to county officers who had to do with the assessment and collection of taxes, commanding them to assess all property in the county at its true value in money. U. S. ex rel. Jensen v. Criner et al. (C. C. A.) 263 Fed. 863. After the mandate of this court that the writ issue, the District Court modified its order entered in compliance therewith by permitting an order theretofore made by the county court of Newton County to stand as a compliance with the writ. The county court's order simply doubled the rate of the tax levy for county purposes laid on the uniform assessment of 50% of value. That means of reaching the same end required by the writ is not now objected to by relator. But still he gets nothing paid on his judgment, except $100 which came into the treasury from another source, for all county taxes under the doubled rate continued to be paid in county warrants. Relator comes here now complaining that the District Court denied his motion to amend the order and the writ so that it would command "the defendants herein and their successors in office to collect in cash the one-half raised by virtue of the mandamus herein issued and apply the same in payment of the judgment of plaintiff herein." That is the only matter presented and argued. Is he entitled to that relief?

[1] The petition for the writ is not procedure in equity, it is at law; and the remedy which it affords in the Federal courts is ancillary. The writ may issue, if jurisdiction has already attached, to compel the performance of a plain duty required by law, in the absence of any other legal remedy. In Brownsville v. Loague, 129 U. S. 493, 9 Sup. Ct. 327, 32 L. Ed. 780, it is said:

"Mandamus lies to compel a party to do that which it is his duty to do without it. It confers no new authority, and the party to be coerced must have the power to perform the act."

[2] Counsel for relator does not point out any law of the State of Arkansas, statutory or otherwise, that requires the collector of county taxes to take from the taxpayer half of the amount of his taxes in cash and the other half in county warrants. The Constitution (Art. 16, Sec. 10) permits the payment of county taxes either in "lawful currency of the United States or the orders or warrants of said counties," and Sec. 1174 of the State statutes (Kirby's Dig.) provides, inter alia:

"All county warrants and county scrip shall be receivable for any taxes for county purposes."

There is, then, no law so far as we are advised which makes it the duty of the collector to require of the taxpayer payment of his taxes, either in whole or in part, in warrants or in cash. He is given the privilege of paying in either way that he chooses, and necessarily it becomes the duty of the county officer to accept the tender, whether it be in warrants or money. In U. S. v. County of Clark, 95 U. S. 769, 24 L. Ed. 545, it is said:

"It need not be said that no court will by mandamus compel county officers of a state to do what they are not authorized to do by the laws of the state. A mandamus does not confer power upon those to whom it is directed. It only enforces the exercise of power already existing, when its exercise is a duty."

This court, in Stryker v. Board, 77 Fed. 567, 23 C. C. A. 286, said:

"Equally well settled is the further proposition that a writ of mandamus will not be issued requiring a state officer to levy a tax, or to do any other specific act, unless authority for the doing of that act can be found either in the express or implied provisions of some local statute. * * * No court has the power to vary the mode of payment, or to increase the rate of taxation, although it may be that the means provided by the legislature for canceling the indebtedness are defective or insufficient. Persons who become purchasers of the securities of a municipal corporation, whether they are bonds or warrants, must take notice of any limitations that have been imposed upon the power of taxation for their payment, and of the provisions that have been made by law to that end."

The exact question that is presented to us was passed upon by Circuit Judge Dillon and District Judge Caldwell (afterwards Circuit Judge) in U. S. ex rel. Carhart v. Miller County, Ark., 4 Dill. 233, Fed. Cas. No. 15,776. An order was there sought requiring that a part at least of the county taxes be paid in currency and applied on the relator's judgment. It was pointed out that no power was given to levy a special tax to pay the warrants or the judgment thereon, and there was no authorization of apportionment of tax collections for that purpose, and it was said:

"In its practical results, there is no difference between a special tax and the special appropriation of the whole or a part of the general tax for a particular purpose. Neither can be done in the absence of a law sanctioning it."

That case and the principle which it announces were approved by this court in Board v. King, 67 Fed. 202, 14 C. C. A. 421, and in City of Harper v. Daniels, 211 Fed. 57, 63, 129 C. C. A. 242. See also Supervisors v. U. S., 18 Wall. 71, 21 L. Ed. 771. We agree with the district judge that relator was not entitled to have the writ amended.

Affirmed.