CITY OF FT. MADISON v. FT. MADISON WATER CO.

(Circuit Court of Appeals, Eighth Circuit. March 3, 1902.)

No. 1,570.

CITIES—CONTRACTING FOR WATER—EXCEEDING SPECIAL TAX.

　　Under McClain's Code Iowa, § 641, empowering cities to contract with a water company for water, and to pay therefor such sum as may be agreed on, and section 643, providing, if a city contract for water, it shall annually levy a special tax sufficient to pay the agreed water rents, provided said tax shall not exceed five mills, the city may contract debt for water in excess of five mills, and be subject to action thereon.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

For opinion below, see 110 Fed. 901.

E. C. Weber, for plaintiff in error.

James C. Davis, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The Ft. Madison Water Company brought this action against the city of Ft. Madison to recover $4,440 alleged to be due for rent of hydrants. The contract for the hydrants was made by ordinance of the city, and contained this provision: "Said hydrant rental to be paid quarterly out of the special tax fund, to be levied and collected as other taxes of the city are for this purpose.". The statutes relating to the powers of cities to contract for a supply of water in force at the time the contract was entered into read as follows:

"* * * and such cities or towns are authorized and empowered to enter into a contract with the individual or company constructing said works, to supply said city or town with water for fire purposes, and for such other purposes as may be necessary for the health and safety thereof, and to pay therefor such sum or sums as may be agreed upon between said contracting parties." Section 641, McClain's Code. "* * * if the right to build, maintain and operate such works is granted to private individuals or incorporated companies by such cities or towns, and said cities or towns shall contract with said individuals or companies for a supply of water for any purpose, such city or town shall levy each year, and cause to be collected, a special tax as provided for above sufficient to pay off such water rents so agreed to be paid to said individual or company constructing said works, provided, however, that said tax shall not exceed the sum of five mills on the dollar for any one year." Id. § 643.

The defense to the action set up in the city's answer is that the city has levied, collected, and paid a special tax of five mills on the dollar on the taxable property of the city to pay the hydrant rentals due under the contract, but that since September, 1896, that levy has not furnished sufficient revenue for that purpose, and that the city has no power or authority to pay the deficit out of any other fund, and "therefore," says the answer, "said city is not indebted to the plaintiff in said sums or any other sum." The only question in the case is this: Is the city under obligation to pay that portion of the contract price for the hydrant rentals that is in excess of the revenue the five-mill levy will produce, and will an action lie against it therefor? Under the statutes quoted there is no limitation on the amount of indebtedness a city may contract to procure water for its corporate purposes. It is authorized "to pay therefor such sum or sums as may be agreed upon." The "special tax" authorized to be levied to pay the water rents is limited to five mills, but this is not a restriction on the power of the city to contract debts for that purpose. The power of the city to levy the special tax to pay for water is not the measure of its power to contract debts for water. There is no necessary connection between the power to contract debts and the power to levy taxes to pay them. Board v. King, 14 C. C. A. 421, 67 Fed. 202. The power of a municipality to contract a debt does not imply that it possesses the power to levy a special tax, or any tax, to pay it; and the grant of a power to levy a special tax for some purpose does not imply a prohibition of the power to contract a debt for that pur-

pose in excess of what the special tax will discharge. It frequently happens that a municipality may lawfully contract debts which it has no power to levy a tax to pay. Board v. King, supra; U. S. v. Miller Co., 4 Dill. 233, Fed. Cas. No. 15,776; Stryker v. Board, 23 C. C. A. 286, 77 Fed. 567; King v. Same, 23 C. C. A. 348, 77 Fed. 583.

It is clear, both upon principle and authority, that under the statutes quoted the defendant city is liable on its contract for the amount due for water in excess of what the five-mill levy will pay. U. S. v. Clark Co. Ct., 96 U. S. 215, 24 L. Ed. 628; U. S. v. Macon Co. Ct., 99 U. S. 582, 25 L. Ed. 331; Knox Co. Ct. v. U. S., 109 U. S. 229, 3 Sup. Ct. 131, 27 L Ed. 915; Grand Junction Water Co. v. City of Grand Junction (Colo. App.) 60 Pac. 196; Creston Waterworks Co. v. City of Creston, 101 Iowa, 694, 70 N. W. 739. And the water company is entitled to have the amount due it under the contract judicially ascertained and judgment against the city for the same.

Whether the water company can by mandamus compel the city to levy either a general or special tax to pay such judgment is a question not raised by this record. The right to a judgment against the city for the debt, and the right to a mandamus to compel the city to levy a tax to pay the judgment, are separate and distinct questions, the latter of which is not now before us, and concerning which it will be distinctly understood we express no opinion.

The judgment of the circuit court is affirmed.