# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1904.

---

STATE OF NEBRASKA, EX REL. CHARLES W. YOUNG, V. ED-
WARD ROYSE, MAYOR OF THE CITY OF BROKEN BOW,
ET AL.*

FILED FEBRUARY 4, 1904. No. 11,877.

1. **Statutes:** CONSTRUCTION. Statutes *in pari materia* should be con-
strued together and, if possible, effect given to all of their pro-
visions. *Dawson County v. Clark*, 58 Neb. 756.

2. **Municipalities:** JUDGMENT: MANDAMUS. The levy of a tax under
the provisions of sections 1 to 5 inclusive of article VI, chapter
77, Compiled Statutes, with which to satisfy a judgment against·
a county, school district, or municipality, will not be enforced
by a writ of mandamus where such proposed levy is in excess of
constitutional or statutory limitations. ·

3. ———: WATER SUPPLY: TAX LEVY: LIMITATION. The provisions
of subdivision 15, section 69, article I, chapter 14, Compiled
Statutes, 1887, empowering cities of less than 5,000 population
and villages, to levy a tax of not exceeding 7 mills on the
dollar valuation, for hydrant rentals or water furnished such
city or village under contract, is a limitation on the taxing power
to raise revenue to satisfy an indebtedness created for such ·
purposes.

4. **Judgment Against Municipality.** A judgment against a munici-
pality has the effect only of an audited claim or demand. It
establishes the amount legally due, but gives no new right in
respect of the means of payment; and, in an action to compel the
levying of a tax to satisfy such judgment, a court will look be-
hind the judgment and ascertain the nature and character of the

---

* See former opinions, 3 Neb. (Unof.) 262 and 269.

indebtedness on which it is based, in order to determine the limit of the tax which may be levied for its satisfaction.

5. ———: TAX LEVY: LIMITATION. Where judgments have been obtained against a city of less than 5,000 population, for hydrant rentals, by a water works company operating under an ordinance and statute limiting a levy of tax for such purposes to a rate not exceeding 7 mills on the dollar valuation, and such tax has been levied, collected, and applied for such purposes each and every year during the existence of the contract, the court will not compel an additional levy in excess of the statutory limitation for the satisfaction of such judgments.

ERROR to the district court for Custer county: HOMER N. SULLIVAN, JUDGE. *Rehearing denied.*

*O'Neill & Gilbert,* for plaintiff in error.

*C. L. Gutterson* and *A. R. Humphrey, contra.*

HOLCOMB, C. J.

The relator, by means of the writ of mandamus, seeks to compel the authorities of the city of Broken Bow to levy a tax sufficient to pay judgments, aggregating something over $8,000, obtained by the Broken Bow Water Works Company against the city upon an indebtedness for hydrant rentals, and thereafter assigned to relator, who now claims to be the holder and owner thereof. Notwithstanding the cause has, in this court, heretofore been decided against the relator (*State v. Royse,* 3 Neb. (Unof.) 262, 269), it is insisted that the conclusion reached is erroneous because the court has overlooked, and failed to give due effect to, the provisions of the statute contained in sections 1 to 5 inclusive of article VI, chapter 77, Compiled Statutes (Annotated Statutes, 10698-10702). These sections, being a part of the laws enacted under territorial organization, provide in substance that, when any judgment shall be obtained against any county, township, school district or municipal corporation and remains unpaid, it shall be the duty of the proper officers to make provision for the prompt payment of the same; and that,

if the amount of revenue derived from taxes levied and collected for ordinary purposes shall be insufficient to pay current expenses and such judgment, it shall be the duty of the proper officers to at once proceed to levy and collect a sufficient amount to pay off and discharge such judgment. Provision is also made for application to a court of competent jurisdiction to compel the proper officers by writ of mandamus to proceed to levy a tax and collect the necessary amount of money to pay off such indebtedness.

If reference be had solely to the sections of the statute of which mention has just been made, then it would seem that the relator is entitled to the writ applied for. If, however, in determining the question of the plaintiff's right, we are not confined solely to the provisions of the sections mentioned, but must determine their force and effect as they bear upon, are connected with, and relate to other provisions of the statute regarding the same subject —that is, the question of the authority and power of those charged with the duty of levying and collecting taxes for the purposes authorized and provided by law—then a different conclusion may necessarily result from such considerations. In other words, if it be proper, as we think it is, we should invoke the familiar doctrine regarding statutes *in pari materia,* which are to be construed together and, whenever possible, effect given to all their provisions. *Dawson County v. Clark,* 58 Neb. 756. The sections of the statute appealed to by relator in this case also provide for the payment of judgments against counties and school districts by the same method of taxation, and yet it will not be seriously contended, we apprehend, that county authorities may, by mandamus, be compelled to levy a tax in excess of the constitutional limitation of 15 mills on the dollar. These sections. have in this respect been construed, and it is held that the constitutional limitation must be respected. *Chase County v. Chicago, B. & Q. R. Co.,* 58 Neb. 274; *Deuel County v. First Nat. Bank,* 30 C. C. A. 30; *State v. Weir,* 33 Neb.

35.  Nor ought it to be urged, in the face of prior decisions, that a school district against which a judgment has been obtained may be compelled to levy a greater tax than 25 mills on the dollar, which is the statutory limitation for all purposes, with certain specified exceptions, even though such judgment remains unsatisfied because the limit of taxation has been reached in meeting other demands. *Dawson County v. Clark*, 58 Neb. 756.  With these observations in mind, we, in addition to what has heretofore been said, proceed to a very brief discussion of the relator's rights as we conceive them to be in the present controversy.

It is agreed that the judgments owned by the relator represent an adjudication of the liability of the city of Broken Bow, for sums due as hydrant rental or for water supply for fire protection furnished by the water works company to the city, under an ordinance enacted for that and other purposes, and under which the water works company is operated.  It is further stipulated that the municipality, ever since entering into the contract out of which the judgments grew, has each year levied, collected and paid to the water works company a tax of 7 mills on the dollar valuation of the taxable property of the municipality and that the 10 mill levy for general purposes had also been exhausted.  It is the contention of the city authorities that such levies have exhausted their power of taxation for water supply under the city's contract with the water works company and that no further nor greater sum nor tax can be lawfully required, and it was upon this ground that the relator was denied the relief demanded by the former opinions and judgment of this court.  The statute under which the water company was authorized to construct its water works and enter into contract with the city, binding it to pay hydrant rentals, being the charter act governing cities of less than 5,000 population and villages, in conferring such powers upon the municipalities included within its scope, among other things, provided by subdivision 15, of section 69,

chapter 14, Compiled Statutes, 1887, that such cities or villages shall have power to make contracts with, and authorize any person, company or corporation to erect and maintain a system of water works and water supply, and to furnish water to such city or village, and to levy and collect a general tax, in the same manner as other municipal taxes may be levied and collected, to pay for water furnished such city or village, under contract, to an amount not exceeding 7 mills on the dollar in any one year, in addition to the sum authorized to be levied under subdivision 1 of that section, and that all taxes raised under this clause shall be retained in a fund known as a "water fund."

By subdivision I of this same section, such municipalities are authorized to levy taxes for general revenue purposes not to exceed 10 mills on the dollar in any one year, and by subdivision II, to levy any other tax or special assessment authorized by law. These several provisions, together with the sections hereinbefore referred to with reference to the levying of taxes to pay judgments, all relate to the powers and limitations of cities of the class under consideration to levy and collect taxes, and should, as we have observed, be construed together, and effect be given to all if possible. Not only does the statute limit the amount which may be levied for hydrant rentals or water supply to a sum not exceeding 7 mills on the dollar valuation of the taxable property, but also the ordinance under which the Broken Bow Water Works Company obtained its franchise and acquired its rights against the city for such rentals provides for the number of hyrants and the price per hydrant which shall be paid by the city as such rentals and in express terms declares that a sufficient tax, not exceeding 7 mills on the dollar, shall be levied and collected annually upon all taxable property upon the assessment roll of said city, to meet the payments under this ordinance when and as they shall respectively mature during the existence. of any contract for hydrant rentals, and shall be levied and kept as a

separate fund known as the "water fund," and shall be irrevocably and exclusively devoted to the payment of hydrant rentals under this ordinance, and shall not be otherwise employed. Under these restrictions and limitations as to the authority and power of the city officers to levy a tax for water supply or hydrant rentals, and the amount of taxes that may be levied for general purposes in any one year, may it be said that the relator is nevertheless entitled to a writ compelling the respondents to levy an additional tax under the provisions of the sections first mentioned, sufficient to pay the judgments obtained by the water company against the city, which are confessedly debts for water supply or hydrant rental arising under the contract and ordinance heretofore referred to? The answer must, we are satisfied, be in the negative, as it has been in the past as evidenced by the judgment entered in the cause.

The sections of the statute invoked as giving to the relator the right to an additional levy, now that his claim has been reduced to judgment, will not bear the construction sought to be placed upon it, and will not justify the unrestrained licensing of the taxing power of the municipality because, forsooth, a judgment has been obtained on a claim which otherwise, admittedly, would not entitle the relator to the relief now demanded. A construction of the sections of the statute relied on, as contended for, can not be accepted as giving the right to the relator to compel a levy of any tax necessary to pay the judgments, regardless of the nature of the indebtedness or the limitations, constitutional or statutory, placed on the taxing authorities. These sections can not be construed as though standing alone, but must be interpreted in the light of other provisions having a direct bearing on the same subject and, when so interpreted, must be given such force and effect as will follow such a construction. The legislative intent manifestly was to enforce the payment of a judgment by a levy of tax within statutory and constitutional restrictions and limitations, and not be-

yond and outside of them. These sections can not have the effect of rendering nugatory well defined limitations on the taxing powers of a municipality.

In *State v. City of Wahoo,* 62 Neb. 40, it is decided, unequivocally, by this court that city authorities can not be required by mandamus to levy a tax for water supply in excess of the limit of such tax existing at the time of the contract. If the judgment in the present case partakes of the same nature and belongs to the same class of indebtedness as would a claim arising on a contract not yet reduced to judgment, then the decision just cited becomes controlling and must necessarily preclude the relator from recovering in the present case. That the same rule is alike applicable to both cases is, we think, well settled on both principle and authority. A reading of subdivision 15 of section 69, *supra,* renders it manifest that the provision therein found as to the amount of taxes which may be raised, is a limitation of the power of city authorities to levy a tax for water supply purposes. It is granted as an additional power to that authorizing a levy of 10 mills on the dollar for general purposes. It expressly limits the tax for water supply to a rate not exceeding 7 mills on the dollar. Beyond this the city authorities have no power to go by contract or otherwise. This limitation of power was known to the water works company. It was incorporated in the ordinance under and by which their rights are measured and determined. Accepting, as we do for the purposes of this case, the conclusiveness of the judgment rendered against the city, the fact, nevertheless, remains that, for the satisfaction of the indebtedness arising under the contract for water rentals and the judgment obtained therefor, and in determining the relator's rights in the premises, recourse must be had to the power conferred by subdivision 15 of section 69, which limits the tax rate to 7 mills on the dollar. It would be strange, indeed, if, in the face of such limitation of the power of taxation, the city authorities might enter into a contract creating an un-

limited liability and, by reducing the demand to judgment, give them unrestrained power to levy a tax of any sum necessary for its satisfaction. This would be accomplishing by indirection that which could not be done directly and which, generally speaking, is not allowable. The legislative policy was, undoubtedly, as it is in matters of taxation generally, to limit the power of the taxing authorities within reasonable bounds, and to protect the property of the taxpayer against extravagance, incompetency or corruption in the management of the affairs of the corporation, by suitable restrictions on the power of taxation.

The authorities are quite uniform to the effect \that a judgment against a municipality has the effect, only, of an audited claim or demand. It establishes the amount legally due, but gives no new right in respect of the means of payment. *United States v. County of Macon*, 99 U. S. 582; *Supervisors of Carroll County v. United States*, 85 U. S. 71; *United States v. County of Clark*, 95 U. S. 769. In *Grand Island & N. W. R. Co. v. Baker*, 6 Wyo. 369, 34 L. R. A. 835, it is pertinently observed by Potter, J.: "As the statute with respect to a judgment does not fix its class, and does not authorize a special tax irrespective of statutory or constitutional limitation, it is obvious that we must have recourse to the claims themselves to determine to what class the judgment belongs, and whether any limit is imposed upon taxation, by which they may be enforced. The application of the converse of this proposition has not been infrequent. In the case of *Ralls County Court v. United States*, 105 U. S. 733, 26 L. ed. 1220, the court said: 'While the coupons are merged in the judgment, they carry with them into the judgment all the remedies which in law formed a part of their contract obligations, and these remedies may still be enforced in all appropriate ways, notwithstanding the change in the form of the debt.' This language was used in a cause wherein it was sought by mandamus to compel the levy of a tax to pay a judgment. The opinion in that case also recognizes that courts are powerless to require a tax to be levied

even to pay a judgment in excess of the constitutional or legislative limitation upon the taxing power."

It is urged that *Dawson County v. Clark, supra,* is authority for the position taken by relator and justifies the relief prayed for. We hardly think that case, at least those points decided therein which are now urged upon our attention, is authority supporting the contention of relator in the case at bar. In the case just mentioned, the court was considering the force and effect of article VI, chapter 77, Compiled Statutes, when construed in connection with subdivisions I and II of section 69, chapter 14, and, when so construed, it was held that subdivision II of said section 69 operated as an enlargement of the restrictions contained in subdivision I, and that article VI, chapter 77, authorized the levy of a tax to satisfy judgments against the municipality because of the provisions of the second subdivision. It was there determined only that power is conferred by article VI to levy taxes to pay judgments rendered against the corporation, and that this might be done even though the maximum amount of taxes authorized by statute to be assessed for general corporate purposes had been imposed. No discussion or consideration was given to the question of whether the nature of the claim on which the judgment was based was such as to come within some constitutional or special statutory limitation of the taxing power. The judgment there considered, and the claim upon which based, appears not to have been of the nature and character of the one here under consideration. It would probably be difficult, if not futile, for us to undertake to determine every character of demand reduced to judgment that might justly be satisfied by a special levy of taxes, in addition to other levies authorized by law, under the provisions of article VI, chapter 77. To illustrate, it may be suggested that a judgment for a tort obtained against a city might very properly be satisfied by a levy under the provisions of these sections, regardless of the amount of the levy for general purposes. Other lawful demands reduced to judg-

ment readily suggest themselves to one's mind as of like character. When, however, these sections are construed in connection with other sections of the statute or of the constitution, and such other provisions operate as a limitation of the power of taxation for a particular purpose or purposes, as we are constrained to hold the statute relating to the levy of a tax for water purposes does in this case, then an entirely different proposition is presented and a different principle must be applied. The case at bar, in principle, is more nearly analogous to that portion of the decision in *Dawson County v. Clark,* wherein it is held that section 11, subdivision II, chapter 79 of the Compiled Statutes, 1899 (Annotated Statutes, 11039), limits the amount of taxes which may be imposed by a school district to 25 mills on the dollar, and, where the maximum amount has been levied, an additional tax to pay a judgment can not be levied, notwithstanding the provisions of article VI, chapter 77. Applying the principle thus announced to the case at bar, as we think should be done, it follows that the relator is not entitled to the relief prayed for. Believing that the conclusion heretofore reached is the correct one, the judgment of affirmance should be adhered to, and the motion for a rehearing denied, which is accordingly done.

REHEARING DENIED.