UNION PACIFIC RAILROAD COMPANY, APPELLANT, v. O. E.
HEUER, TREASURER, APPELLEE.

FILED DECEMBER 18, 1914.    No. 17,893.

1. **Municipal Corporations:** POWER TO LEVY TAX.  A village has no
inherent power to levy taxes.

2. **Statutes:** CONSTRUCTION.  In order to ascertain the intention of
the legislature in the amendment of a statute, the course of legisla-
tion on the subject and existing conditions created under the
former statutory provisions may be considered.

APPEAL from the district court for Platte county:
GEORGE H. THOMAS, JUDGE.  *Affirmed.*

*Edson Rich, A. G. Ellick* and *William M. Cornelius,* for
appellant.

*C. N. McElfresh* and *Otto F. Walter, contra.*

LETTON, J.

Plaintiff applied for an injunction to prevent the county
treasurer of Platte county from collecting for the year
1911 taxes based on a ten-mill levy by the village of Platte
Center for a "water-works fund." It is alleged in the peti-
tion that the village taxing authorities, made other tax
levies for the same year as follows: "For general fund
purposes, ten mills on the dollar valuation; for sinking
fund on village bonds, six mills on the dollar valuation;
for interest on water bonds, two mills on the dollar valua-
tion." Plaintiff also alleged that it paid the taxes based
on these statutory levies, and that the ten-mill levy for a
water-works fund is void for want of municipal power to
make it. Defendant admitted the making of the levies, but
pleaded: "That said levy of ten mills for 'water-works
fund' was for the maintenance, repair and upkeep of the
water-works system and plant used, owned and kept by
said village; that the maximum levy for general purposes
under the statute was insufficient for this expense, and

that said levy is in all respects valid." To this part of the answer the trial court overruled a demurrer. Plaintiff electing to stand on its petition, the trial court refused to enjoin the collection of the ten-mill levy for a water-works fund. Plaintiff has appealed.

Under the admitted facts, the question of law in dispute is: Had the village the power to make a ten-mill levy for a water-works fund "for the maintenance, repair and upkeep of the water-works system and plant used, owned and kept by said village," the maximum levy for general purposes being insufficient for that purpose? The answer, of course, must be found in the village charter.

Plaintiff takes the position that the village had no inherent power to levy taxes; that express power to make the levy assailed cannot be found in any statute; that the only express power conferred upon the village with reference to water-works was to levy a tax to pay bonds issued to provide for the plant and for the payment of interest on the bonds; that the village charter does not imply the power to levy the tax in controversy. The first proposition is sound. Municipal power to levy taxes is statutory. "It is a rule, requiring the citation of no authorities to support it, that a municipal corporation can levy taxes only for the purposes authorized by statute." *Barkley v. City of Lincoln,* 82 Neb. 181. *State v. Royse,* 71 Neb. 1; *State v. City of Kearney,* 49 Neb. 325; *State v. City of Wahoo,* 62 Neb. 40. But, while this is the general rule, another principle applies in certain cases, and power to levy a tax may be implied from express power given to incur an obligation where the legislature must have intended a tax to furnish means of payment, and there is nothing to rebut the implication. 4 Dillon, Municipal Corporations (5th ed.) sec. 1377. What was the legislative intention?

In 1885 (laws 1885, ch. 20, p. 168) the legislature provided that cities or villages may "levy and collect a general tax in the same manner as other municipal taxes may be levied and collected for the purchase of steam engines and for the purchase, erection, or construction and mainte-

nance of such water-works, or to pay for water furnished
to such city or village under contract, to an amount not
exceeding five mills on the dollar in any one year." This
was in addition to the ten-mill levy for general revenue
purposes. The amount was in 1887 (laws 1887, ch. 12,
p. 297) increased to seven mills. In 1893 (laws 1893,
ch. 8, p. 134) subdivision 15 was again amended, retaining
the provision that cities or villages may borrow money or
issue bonds for the purchase of steam engines or fire-ex-
tinguishing apparatus, and for the purchase, erection, con-
struction and maintenance of water-works, or to pay for
water furnished such city or village under contract; but
the express provision for the levy of taxes only gave au-
thority to levy and collect a tax "to an amount sufficient
to pay the interest and principal of said bonds."

It is a matter of common knowledge and judicial his-
tory in this state that many municipalities and towns pre-
vious to this time had erected water-works, and others had
entered into contracts to pay for water supply for munici-
pal purposes. It could never have been the intention of
the legislature to take away the power to levy an annual
tax to pay for water supply under such contracts, or to re-
peal the existing right to raise money by taxation for
maintenance of existing works. Construing the section as
it now stands, together with section 5108, Rev. St. 1913,
that gives the city authorities power to levy any other
tax authorized by law, the only reasonable construction
that can be given is that the legislature intended that the
power to levy for such purposes should still be continued,
but that the limitation of the levy to seven mills should
be removed. This statute has remained in substantially
the same form until now. If we should hold as the appel-
lant desires, the effect would be to say that the legislature
meant in 1893 to take away all power on the part of the
city authorities to carry out their existing contracts. This
it seems to us would be an unreasonable construction, and
the implied power to levy the tax remains. The limits of
this implied power are imposed by the reasonable neces-
sities of the situation and by the reasonable discretion of

the city authorities.  The power is not unlimited, and is subject to review if such discretion is abused.
    Judgment

                                         AFFIRMED.