## VILLAGE OF OSHKOSH, NEB., et al., v. STATE OF NEBRASKA ex rel. FAIRBANKS, MORSE & CO.

Circuit Court of Appeals, Eighth Circuit.
June 9, 1927.

No. 7620.

**1. Municipal corporations ⬅➡964—Village held required to levy tax for payment of judgment for cost of lighting and waterworks improvements in excess of bond issue (Laws Neb. 1919, c. 181; Comp. St. Neb. 1922, §§ 4278–4281, 4292, 5987–5991).**

Where village, under lighting statute (Laws Neb. 1919, c. 181), and waterworks statute (Comp. St. Neb. 1922, §§ 4279, 4292), constructed two utility plants, costing more than amount of bonds which city was authorized to issue, and where judgment for amount of cost of such improvement in excess of bond issue was recovered against village, held, under Comp. St. §§ 5987–5991, city was required to levy a tax for the payment of such judgment, notwithstanding sections 4278, 4280, 4281, affecting general powers of cities and villages in levying taxes for general purposes.

**2. Municipal corporations ⬅➡964—Power of municipality to incur obligation implies power to levy tax.**

It is a general principle of municipal law, recognized by courts of Nebraska, that power to levy a tax may be implied from express power given to incur an obligation, where Legislature must have intended a tax, and there is nothing to rebut the implication.

**3. Mandamus ⬅➡116—Mandamus is appropriate to compel village to levy tax to pay judgment (Comp. St. Neb. 1922, § 5987 et seq.).**

Mandamus is appropriate remedy to compel village to levy tax under Comp. St. Neb. 1922, § 5987 et seq., for payment of judgment against village.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action for mandamus by the State of Nebraska, on the relation of Fairbanks, Morse & Co., against the Village of Oshkosh, Neb., and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Frank A. Dutton, of Oshkosh, Neb., for plaintiffs in error.

Carl E. Herring, Dressler & Neely, and Robert D. Neely, all of Omaha, Neb. (Wymer Dressler, of Omaha, Neb., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and FARIS and DAVIS, District Judges.

BOOTH, Circuit Judge. This is a writ of error to an order granting a peremptory writ of mandamus, commanding the village of Oshkosh, a municipal corporation, and the chairman and members of the board of trustees, and their successors in office, forthwith to proceed to levy upon all taxable property within the corporate limits a sufficient tax, in addition to the taxes already imposed, to provide an additional sum equal to one-half of the amount of the judgment theretofore entered in favor of the defendant in error.

The prior history of the case may be found in Village of Oshkosh v. Fairbanks, Morse & Co. (C. C. A.) 8 F.(2d) 329. It was there held that Laws Neb. 1919, c. 181 (the lighting statute), and sections 4278 and 4292, Compiled Statutes of Nebraska 1922 (the waterworks statute), though limiting the amount of bonds which the village might issue for the construction of an electric lighting plant and a municipal waterworks plant, did not limit the power of the village, in constructing such plants, to ones

costing not more than the amount of bonds which might be issued for such purposes. The court in its opinion said:

"So far as we are advised, the Supreme Court of Nebraska has not given to the statutes, or either of them, the construction contended for by counsel for plaintiff in error. We have been cited to no ruling of that court holding the restriction on the amount of bonds that may be issued to be a limitation on the cost of the plant, nor a limitation on the express power given to the village to contract for the construction of a plant. We think it obvious there is no legislative intent to cut down the broad and unrestricted power to construct the plants, nor was it intended that the cost should not exceed the authorized bond issue."

Fairbanks, Morse & Co. had obtained a judgment against the village for the reasonable value of material and machinery furnished in connection with the construction of the two plants. The judgment was affirmed by this court. The question was not involved whether and by what means the judgment could be collected. After the judgment became final, Fairbanks, Morse & Co. demanded payment from the village, and, the demand not being complied with, mandamus proceedings were commenced against the village and the board of trustees thereof.

The petition for the writ alleged the recovery of the judgment, that demand had been made for payment, and that the demand had been refused or disregarded. The petition further alleged that under sections 5987 and 5991, Compiled Statutes of Nebraska 1922, it was the duty of the village and of the board of trustees of the village to pay said judgment, or to levy a tax from which to raise money and pay the same, but that the judgment had not been paid nor the tax levied. The prayer was "that an alternative writ of mandamus be issued forthwith, commanding said village of Oshkosh and the board of trustees thereof to pay said judgment by a day named, or show cause why a peremptory writ of mandamus should not issue commanding the defendants to pay said judgment or levy a tax forthwith to pay the same and thereupon to pay said judgment."

An alternative writ issued. The village answered, admitting the recovery of the judgment, and setting out the various statutes under which bonds had been issued by the village in connection with the two utility plants. The answer further alleged that the amounts of the bonds so issued were the full amounts authorized by the respective statutes; that the village had annually levied taxes sufficient to meet the interest on the bonds and to provide sinking funds therefor; that the village had no authority to levy any other taxes for the purpose of paying for said plants or for the payment of said judgment; that the maximum levies provided by law for general purposes were annually being made; and that the village had no free funds or moneys with which to pay the judgment.

A demurrer was interposed to the answer. It was sustained, and an order was entered for the issuance of a peremptory writ, commanding a levy of sufficient taxes to pay one-half of the amount of the judgment. The present writ of error followed.

In view of the former decision of this court, above cited, it is unnecessary to go into a discussion, either of the statutes with reference to the issuance of bonds for the two utilities mentioned, or of the validity of the judgment. We turn to the questions involved in the method of collection adopted:

1. Section 5987, Compiled Statutes of Nebraska 1922, reads as follows:

"*Judgments against Public Corporations.* Whenever any judgment shall be obtained in any court of competent jurisdiction in this state for the payment of a sum of money against any county, township, school district, road district, town or city board of education, or against any municipal corporation, or when any such judgment has been recovered and now remains unpaid, it shall be the duty of the county board, school district board of education, city council or other corporate officers, as the case may require, to make provisions for the prompt payment of the same."

The succeeding sections 5988, 5989, 5990, provide for the method of procedure in making the levy. Section 5991 reads as follows:

"*Action against Officers—Mandamus.* If any such corporate authorities, whose duty it is, under the provisions of this article, to so levy and collect the tax necessary to pay off any such judgment, shall fail, refuse, or neglect to make provisions for the immediate payment of such judgments, after request made by the owner or any person having an interest therein, such officers shall become personally liable to pay such judgments, and the party or parties interested may have an action against such defaulting officers to recover the money due on the judgment, or he or they having such interest may apply to the district court of the county in which the judgment is obtained, or to the judge thereof in vacation, for a writ of mandamus to compel the proper officers to proceed to col-

lect the necessary amount of money to pay off such indebtedness, as provided in this article. When a proper showing is made by the applicant for said writ, it shall be the duty of the court, or judge, as the case may be, to grant and issue the writ to the delinquents, and the proceedings to be had in the premises shall conform to the rules and practice of the court, and the laws in such cases made and provided."

Sections 4278 to 4281, inclusive, provide for the general power of cities and villages in levying taxes for general purposes. They read, so far as here material, as follows:

"Sec. 4278. *Powers Granted to Exercise by Ordinance.* In addition to the powers hereinbefore granted cities and villages under the provisions of this chapter each city and village may enact ordinances for the following purposes."

*   *   *   *   *

"Sec. 4280. *Taxing Powers for General Revenue Purposes.* To levy taxes for general revenue purposes, not to exceed 25 mills on the dollar in any one year, on all property within the limits of said cities and villages taxable according to the laws of the state of Nebraska, the valuation of such property to be ascertained from the books or assessment rolls of the assessor of the proper precinct or township."

"Sec. 4281. *Levy of Special Tax or Assessments for Improvements.* To levy any other tax or special assessment authorized by law."

[1] The position of the village in the case at bar is thus stated by counsel:

"* * * Respondents, having applied to the payment for the material and labor for construction of water and light plant, all of the special fund that they were authorized by law to raise for the purpose, and the revenue for general purposes raised by the maximum levy authorized being barely sufficient to pay the general expenses of the municipality, respondents have no authority to levy any further or special tax for the payment of relator's judgment."

So far as we are advised, there is no limitation in the Nebraska statutes upon the rate of tax which may be levied by cities and villages to pay judgments. The vital question in the case is whether the village is bound by section 5987 to levy taxes to pay the judgment, notwithstanding the judgment was recovered for material and machinery furnished for utilities, the cost of which was greater than the amount of bonds which the village was authorized to issue for those purposes, and notwithstanding the maximum amount of taxes authorized by statute to be assessed for general purposes has already been levied.

The case of Dawson County v. Clark, 58 Neb. 756, 79 N. W. 822, has, we think, a direct bearing upon this question. In that case the county commissioners of Dawson county, while sitting as a board of equalization, made certain tax levies for county purposes, and in addition made a levy in accordance with certain certificates from the proper officers of the city of Lexington as follows: For general revenue, 10 mills; for water bonds, 12½ mills; for electric lights, 3 mills; for judgment fund, 15 mills. The board further made a levy for the village of Gothenburg as follows: For general revenue, 10 mills; for electric lights, 5 mills; for judgment fund, 5 mills. The board further made a levy for school district No. 1: For school district, 25 mills; for bond tax, 10 mills; for judgment fund, 20 mills. It appeared that the city of Lexington, the village of Gothenburg, and school district No. 1 each had a judgment against it.

It was contended that the levies for judgment purposes were invalid in each instance, because the levy was unauthorized; that no power rested in the city of Lexington, the village of Gothenburg, or school district No. 1 to levy such taxes for judgment purposes, when the maximum amount of taxes authorized by statute to be assessed for general purposes had for each of them already been imposed. The court, however, held that the levies for the city of Lexington and for the village of Gothenburg were valid; that the levy for the school district was invalid. The distinction between the levies for the city of Lexington and for the village of Gothenburg, on the one hand, and the levy for school district No. 1, on the other hand, was pointed out to be this: That when the statutory provisions in regard to the payment of judgments (above quoted) and those in regard to the power of cities and villages to levy taxes (above quoted) were read together, it was plain that a tax could be lawfully levied to pay a judgment against a city having less than 5,000 inhabitants, or a village, even though the maximum amount of taxes authorized by statute to be assessed for general corporate purposes had already been imposed, and this was by reason of section 4281, supra; but that in the general statutory powers conferred on school districts there was no like provision, but instead there was an express maximum limit of taxation imposed, so that, while school district officers might levy taxes to pay judgments, they must keep

within the maximum limit of taxation authorized by statute.

[2] We think the case at bar comes squarely within the ruling as to the village of Gothenburg. Furthermore, this court has held in Village of Oshkosh v. Fairbanks, Morse & Co., supra, that the village had express authority by statute to incur obligations for the construction of the utility plants in controversy, and that the amount of the obligations which might thus be incurred was not limited by the amount of bonds which the village was authorized to issue for such purposes; and it is a general principle of municipal law that power to levy a tax may be implied from express power given to incur an obligation, where the Legislature must have intended a tax to furnish means of payment, and there is nothing to rebut the implication. 4 Dillon on Municipal Corporations (5th Ed.) § 1377. Such implied power in villages is recognized by the courts of Nebraska. Union Pacific R. Co. v. Heuer, 97 Neb. 436, 150 N. W. 259.

It cannot reasonably be held that the Legislature intended that the obligation might be incurred beyond the amount of bonds authorized, but that no payment should be made.

The case of State v. Royse, 71 Neb. 1, 98 N. W. 459, is relied on by plaintiff in error. In that case the validity of a levy by a city to meet a judgment was involved; but the judgment arose out of a contract which by its terms limited the fund for payment under the contract to 7 mills on the dollar. The contract was one for furnishing hydrants to the city by a waterworks company. The court said:

"Not only does the statute limit the amount which may be levied for hydrant rentals or water supply to a sum not exceeding 7 mills on the dollar valuation of the taxable property, but also the ordinance under which the Broken Bow Waterworks Company obtained its franchise and acquired its rights against the city for such rentals provides * * * in express terms * * * that a sufficient tax not exceeding seven mills on the dollar, shall be levied and collected * * * to meet the payments under this ordinance."

The principle laid down in the Royse Case was that, where the Constitution or a statute contained provisions operating as a limitation on the power of taxation for a particular purpose, such limitation could not be exceeded, even though the claim be reduced to judgment. The court did not overrule or criticize the case of Dawson County v. Clark, above cited, although it several times cited the same. We think that, by reason of the facts stated, the ruling in State v. Royse is not applicable to the case at bar.

[3] 2. The power of the court to compel by mandamus the levy of a tax, upon a proper showing, has been settled in this circuit by the cases of Deuel County v. First Nat. Bank (C. C. A.) 86 F. 264; United States ex rel. Masslich v. Saunders (C. C. A.) 124 F. 124; City of Harper v. Daniels (C. C. A.) 211 F. 57. See, also, United States ex rel. Harriman Nat. Bank v. Caplinger (C. C. A.) 18 F.(2d) 898.

The order for a peremptory writ of mandamus is affirmed.